## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RAYMOND MATHIS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )  **CIVIL ACTION NO.: 1:05-cv-1084-MHT** |
| | ) |
| **LAMAR GLOVER, et al.,** | )  **"DEMAND FOR JURY TRIAL"** |
| | ) |
|     **Defendants.** | ) |

# SPECIAL REPORT AND ANSWER

Come now defendants, **Sheriff Lamar Glover, Sergeant Davis, Corrections Officer Jackson, Nurse Practitioner Darla Speigner, Sergeant Turner, Dr. Sam Banner, Sergeant Reynolds, Commander William McCarty, Nurse Vallie Hathaway, Sergeant Bonin and Corrections Officer Skelton**, in the above-styled cause and for Answer to plaintiff's Complaint, state as follows:

1.    As to Paragraph 1 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

2.    As to Paragraph 2 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

3.    As to Paragraph 3 of plaintiff's Complaint, defendants deny that the constitutional rights of plaintiff have been violated and demand strict proof thereof.

4.    As to Paragraph 4 of plaintiff's Complaint, defendants deny that plaintiff's constitutional rights have been violated at any time.

5.    As to Paragraph 5 of plaintiff's Complaint, defendants deny that plaintiff's Constitutional rights have been violated.  Defendant asserts that while in the Houston County Jail, plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof.  For more complete factual information regarding plaintiff's Complaint and defendants' response thereto, please refer to the **Affidavits of Sheriff Lamar Glover, Dr. Sam Banner, Nurse Practitioner Darla Speigner and Commander William McCarty (Exhibits "1", "2", "3", and "4" respectively).**

6.    As to Paragraph 6 of plaintiff's Complaint, defendants assert that the plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and the claims therein, or alternatively portions thereof, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

The plaintiff's Complaint alleges claims for declaratory and injunctive relief which said claims will be moot by the end of May, 2006, as the plaintiff will no longer be incarcerated in the

Houston Jail.

## FOURTH DEFENSE

That the plaintiff's claims only involve declaratory and injunctive relief. Because the plaintiff, as of May 31, 2006 will no longer incarcerated in the Houston County Jail, said claims are moot and this case is due to be dismissed. See County of Los Angeles v. Davis, 440 U.S. 625 (1979); Cotterall v. Paul, 755 F.2d 777 (11th Cir. 1985).

## FIFTH DEFENSE

Plaintiff is not entitled to any award of punitive damages, should his complaint be construed to request them.

## SIXTH DEFENSE

Plaintiff is not entitled to any relief requested in the Complaint.

## SEVENTH DEFENSE

There is no causal relation between the acts of the defendants and any injury or damage allegedly suffered by the plaintiff.

## EIGHTH DEFENSE

Plaintiff's injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over whom defendants had no control or right of control.

## NINTH DEFENSE

Defendants affirmatively aver that all of their actions were taken in good faith.

## TENTH DEFENSE

The allegations contained in plaintiff's Complaint against the defendants, sued in their

individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

### ELEVENTH DEFENSE

Defendants affirmatively deny any and all alleged claims by the plaintiff concerning his alleged deprivation of civil rights.

### TWELFTH DEFENSE

Should the plaintiff's complaint be construed to state claims under Alabama law, all such state claims against defendants in their official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction.   Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).

### THIRTEENTH DEFENSE

All federal claims against defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution.

### FOURTEENTH DEFENSE

In addition to defendants Eleventh Amendment argument, they further contend that they are not "persons" within the meaning of 42 U.S.C. § 1983.  The plaintiff, by suing defendants in their official capacity, is seeking damages from the State of Alabama.  Neither a state, nor its officials, as sued in their official capacities are "persons" under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989) and Hafer v. Melo, 502 U.S. 21, 22-23 (1991).

### FIFTEENTH DEFENSE

Defendants assert the defense of qualified immunity.  Further, defendants plead the privileges, qualified immunities, absolute immunities, defenses and good faith immunities given to officers of the law, governmental entities or otherwise in the above styled cause.  Defendants state that any action taken by them was made in good faith and in the performance of their duty as Sheriff, Deputy, Officer or Sheriff Department Employee.

### SIXTEENTH DEFENSE

Defendants assert and plead the defense of substantive or state law immunity under the law of the State of Alabama.

### SEVENTEENTH DEFENSE

Alabama law provides sufficient procedural due process remedies for the allegations made by plaintiff herein and such remedies are constitutionally adequate.

### EIGHTEENTH DEFENSE

Defendants assert and plead sovereign immunity provided by Alabama Constitution 1901, §14.

### NINETEENTH DEFENSE

Defendants assert that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

### TWENTIETH DEFENSE

Defendants assert that mere negligence or medical malpractice is insufficient to state a claim. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

### TWENTY-FIRST DEFENSE

Plaintiff's Complaint does not allege a violation of rights secured by the United States Constitution.

### TWENTY-SECOND DEFENSE

Defendants plead and assert the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code § 6-5-338,* which provides absolute immunity to all peace officers and governmental units.

### TWENTY-THIRD DEFENSE

That the plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to *42 U.S.C. § 1997e(a)*.  Specifically, plaintiff has filed this lawsuit against defendants who are state officers without first exhausting his administrative remedies by filing a claim with and proceeding before the Alabama State Board of Adjustments as required by *Ala. Code § 41-9-60;* and with regard to some claims plaintiff has failed to pursue the administrative remedies available to him in the Houston County Jail by virtue of the grievances procedures provided to the inmates therein.

### TWENTY-FOURTH DEFENSE

That the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(c)* mandates the dismissal of plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks money damages from defendants who are entitled to immunity.

### TWENTY-FIFTH DEFENSE

That the plaintiff does not plead or otherwise specifically show a physical injury as required

by *42 U.S.C. §1997e(e)* which provides that

> *No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.*

### TWENTY-SIXTH DEFENSE

That the plaintiff failed to comply with *28 U.S.C. §1915* with respect to the requirements and limitations inmates must follow in filing in forma paupers actions in federal court.

### TWENTY-SEVENTH DEFENSE

That, pursuant to *28 U.S.C. §1915(f)*, plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in *28 U.S.C. §1915(a)(2)*.

### TWENTY-EIGHTH DEFENSE

Pursuant to *28 U.S.C. §1915A*, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are state officers entitled to immunity.  These same standards are continued and provided for in *42 U.S.C. §1997e(c)*.

### TWENTY-NINTH DEFENSE

Defendants assert the affirmative defenses of res judicata and collateral estoppel as the things and matters, or a significant part thereof, sought to be litigated by plaintiff in this lawsuit have already been litigated or are in the process of being litigated in other cases before with final judgement entered by the United States District Court for the Middle District of Alabama, Southern Division.

### THIRTIETH DEFENSE

Defendants adopt and assert all defenses provided and set forth in the Alabama Medical Liability Act, *Ala. Code § 6-5-481, et seq.*, *and § 6-5-542, et seq.*

### THIRTY-FIRST DEFENSE

Defendants plead the affirmative defense that the plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render defendants liable to the plaintiff as required by *Ala. Code § 6-5-551.*

### THIRTY-SECOND DEFENSE

Defendants assert the affirmative defense of the contributory negligence of plaintiff.

### THIRTY-THIRD DEFENSE

Defendants assert the affirmative defense of the assumption of the risk by plaintiff.

### THIRTY-FOURTH DEFENSE

Defendants assert the truth as a defense in this case.

### THIRTY-FIFTH DEFENSE

Defendants assert the affirmative defense of waiver which constitutes an avoidance or affirmative defense in this action.

### THIRTY-SIXTH DEFENSE

Defendants deny that they breached a duty or obligation owed to the plaintiff.

### THIRTY-SEVENTH DEFENSE

Should the plaintiff's complaint be construed to claim punitive damages, any claims for punitive damages are barred by the provisions of *Ala. Code §§ 6-11-20, 6-11-21, 6-11-26 and 6-11-*

27.

### THIRTY-EIGHTH DEFENSE

Defendants are entitled to immunity under state law from any state law claims asserted by the plaintiff.

### THIRTY-NINTH DEFENSE

Defendants are immune from punitive damages under *42 U.S.C. § 1983 and 42 U.S.C. § 1985.*

### FORTIETH DEFENSE

Plaintiff cannot recover against defendants as plaintiff's claims are premised under a *respondeat superior* theory, and are due to be dismissed because defendants cannot be held liable under a theory of *respondeat superior* for the actions of any of his deputies.

### FORTY-FIRST DEFENSE

The Sheriff and Deputy Sheriffs are state officers and are policy makers for the State of Alabama. Under the Alabama Constitution of 1901, sheriffs are specifically designated as *state executive officials. Id. § 112 ("The executive department shall consist of a governor, lieutenant governor, attorney general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county.") "[A]n Alabama Sheriff acts exclusively for the state rather than for the county in operating a county jail."* Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (11th Circuit 1998) (en banc).

---

## FORTY-SECOND DEFENSE

There was no policy or custom of Sheriff Lamar Glover that was executed by any employee of the Houston County Sheriff that caused any injury to the plaintiff.

## FORTY-THIRD DEFENSE

Although the Eighth Amendment's prohibition against cruel and unusual punishment requires the provision of medical care for persons in custody, the Constitution does not dictate the allocation of such costs. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 245 (1983) (stating that "nothing we say here affects any right a hospital or government entity may have to recover the cost of medical services provided to him."). The mere fact that the plaintiff is assessed a fee for each visit to the jail clinic does not in any way deprive him of a protected right, privilege, or immunity. See Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 408 (9th Cir. 1985) (imposition of fee for medical treatment provided to an inmate does not amount to a constitutional violation); Bester v. Dr. Wilson, 2000 WL 1367984, at *8 (S.D. Ala. August 18, 2000) ("[T]he charging of a fee to prisoners for medical treatment from their funds has been held to be constitutional when challenged on several due process and Eighth Amendment grounds.")

## FORTY-FOURTH DEFENSE

With regard to the plaintiff's claims regarding the Jail's Law Library, the plaintiff must show not only that there was some limitation of access, but further, that he was somehow actually prejudiced by the limitation of access. Chandler v. Barid, 926 F.2d 1057 (11th Cir. 1991).

**FORTY-FIFTH DEFENSE**

Defendants assert that plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to *42 U.S.C. § 1988* to award defendants reasonable attorneys fees and costs incurred in the defense of this case.

**Defendants respectfully request this court to treat this Special Report and Answer as Motion for Summary Judgment.**

Respectfully submitted,

SHERRER, JONES & TERRY, P.C.

**s/Gary C. Sherrer**
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

**JURY DEMAND**

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE AS PROVIDED BY LAW.**

**s/Gary C. Sherrer**
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 WEST MAIN STREET
DOTHAN, ALABAMA  36301
(334) 678-0100

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer,  hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all listed parties, and I further certify that a copy of the foregoing has been served upon, Raymond Mathis, #29402, c/o Houston County Jail, 901 East Main Street, Dothan, Alabama  36301, by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this 9th day of May, 2006.

s/Gary C. Sherrer
OF COUNSEL